UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                                    No. 01-4028

PRINCE LINTON,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-97-22)

Submitted: July 31, 2001

Decided: September 5, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Samuel J. Davis, John M. Purcell, DAVIS & DAVIS, Union Town,
Pennsylvania, for Appellant. Patrick M. Flatley, United States Attor-
ney, Robert H. McWilliams, Jr., Assistant United States Attorney,
Sharon L. Potter, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Prince Linton pled guilty in 1997 to aiding and abetting the distribution of .24 grams of crack cocaine, 21 U.S.C.A. § 841(a) (West 1999). He failed to appear for sentencing. Almost three years later, as authorities were about to arrest him, Linton turned himself in. He was sentenced in December 2000 to a term of 240 months imprisonment. Linton appeals his sentence, alleging that the district court erred in determining the quantity of crack attributable to him, in relying on information in the presentence reports of his co-defendants, and in making a two-level adjustment for aggravated role under *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2000). Linton has also moved for leave to file a pro se supplemental brief raising additional issues, and has filed a pro se petition for emergency relief seeking to correct the record on appeal.* We grant leave to file the pro se brief, deny the petition for emergency relief, and affirm.

At Linton's sentencing hearing, the government presented testimony from most of his co-defendants who had been scheduled to testify at his initial sentencing in 1997. However, their testimony differed markedly from statements they had given to investigators and before the grand jury three years earlier. The district court referred to the presentence reports of several witnesses to remind them of the amount of crack to which they themselves had stipulated when they were sentenced. Nonetheless, their testimony remained vague as to

---

*Three months before Linton was sentenced, the government notified his attorney that "drug-related evidence" offered against him and other defendants would be retested because of inconsistencies discovered in the procedure used at the original laboratory. The issue was not raised at Linton's sentencing. He now seeks to have the substance offered against him retestd independently. In light of Linton's guilty plea to crack distribution and failure to challenge the drug type below, we do not find that the petition should be granted.

Linton's involvement, and they professed to recall dealing with only small amounts of crack. The district court continued sentencing and asked the probation officer to look into the possibility that the witnesses had been intimidated. At a second hearing, the probation officer reported that none of the witnesses admitted to receiving any direct threats or intimidation, but that a number of them said they felt distinctly uncomfortable giving testimony against Linton because they feared repercussions to themselves or their families. The district court decided that testimony of all but one witness at the first hearing was unreliable. The court determined the quantity of crack attributable to Linton by relying on the testimony of the one reliable witness, examining the grand jury testimony of two witnesses, and the debriefing statements of two witnesses. The court determined that Linton was responsible, for sentencing purposes, for 423.1 grams of crack.

Linton contends that the court failed to rely on the most reliable evidence, that is, the sworn testimony of the witnesses at the sentencing hearing. He further asserts that the district court's estimation of the drug quantity is too speculative to be affirmed. However, the court determined that the witnesses' testimony was not credible. We find no error in the court's decision to resort to other evidence it deemed more reliable. To resolve disputed issues at sentencing, the district court may consider any relevant information that has "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3. To protect the defendant's right to be sentenced on accurate information, he must be afforded the opportunity to rebut or explain hearsay evidence that he claims is erroneous. *United States v. Helton*, 975 F.2d 430, 434 (7th Cir. 1992).

Linton cannot claim that he did not have access to the grand jury testimony and debriefing statements considered by the court, or that he had no opportunity to explain or rebut the information. Moreover, the sentencing guidelines permit the district court to estimate the drug quantity when there has been no seizure of drugs or when the amount seized does not reflect the scale of the offense. USSG § 2D1.1, cmt. n.12.

Linton also challenges the district court's use of his co-defendants' presentence reports. As previously mentioned, the sentencing court may not rely on factual information from sources not disclosed to the

defendant. *Helton*, 975 F.2d at 434. To do so would deprive the defendant of his opportunity to explain and rebut any claimed errors in the information. *See also United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994) (holding that sentencing court may not adopt facts from co-defendant's presentence report that was not disclosed to defendant). However, in this case, the district court did not use the presentence reports in such a manner. The court used them simply to test the credibility of the witnesses testifying under oath. In determining Linton's relevant conduct, the court relied on other information from sources available to Linton.

Linton also contests the district court's determination that he had an aggravated role in the offense. We find that the court did not clearly err in finding that Linton, who regularly packaged and supplied a significant quantity crack to at least five crack dealers over at least six months, had a leadership role. *United States v. Engleman*, 916 F.2d 182, 184-85 (4th Cir. 1990).

We therefore affirm the sentence. We grant Linton's motion for leave to file a pro se supplemental brief. We deny his motion for emergency relief. We have considered the issues raised by Linton in his pro se supplemental brief and find them to be without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*